UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA

-v-                                              03-10078-002-T

TERI UHAN DROUOLLARD

**William Massey, Retained**
Defense Attorney
3074 East Street
Memphis, TN 38128

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1 on March 04, 2005. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number(s)** |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Bank, Mail and/or Wire Fraud | 11/12/1998 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

Count(s) 2, 3, 4 and 5 dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   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
Defendant's Date of Birth:    01/23/1961
Deft's U.S. Marshal No.:      18728-076

Defendant's Mailing Address:
1003 South Pratt Parkway
Longmont, CO 80501

Date of Imposition of Sentence:
November 02, 2005

*James D. Todd*
JAMES D. TODD
CHIEF UNITED STATES DISTRICT JUDGE

November 2, 2005

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 11-4-05

Case No: 1:03cr10078-02-T   Defendant Name: Teri Drouollard Uhan                Page 2 of 6

# PROBATION

The defendant is hereby placed on probation for a term of **3 Years**.

While on probation, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a firearm, ammunition, destructive device, or dangerous weapons. The defendant shall also comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such file or restitution.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

Case No: 1:03cr10078-02-T   Defendant Name: Teri Drouollard Uhan                     Page 3 of 6

8.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

1.  The defendant shall participate in the Home Detention program for a period of **6 months**. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the Defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Western District of Tennessee, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer.

2.  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

3.  The defendant shall provide the Probation Officer access to any requested financial information.

4.  The defendant shall cooperate with the Probation Office in the collection of DNA.

Case No: 1:03cr10078-02-T   Defendant Name: Teri Drouollard Uhan                    Page 4 of 6

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 |  | $129,788.63 |

The Special Assessment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of **$129,788.63** is hereby ordered. The defendant shall make restitution to the following victims in the amounts listed below. The defendant and co-defendant, Perry Orlando, shall be jointly and severally liable for that entire amount. Restitution shall be paid in monthly installments equal to ten percent (10%) of the defendant's total gross monthly household income from all sources. The defendant shall be required to regularly furnish proof of her gross monthly household income, upon which the amount of monthly payments shall be based, to the United States Probation Office.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Regions Financial (a/k/a Union Planters Bank), Attn: Frank Hudacek |  | $129,788.63 |  |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment

column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 115 in case 1:03-CR-10078 was distributed by fax, mail, or direct printing on November 4, 2005 to the parties listed.

---

William D. Massey
MASSEY & MCCLUSKY
3074 East Street
Memphis, TN 38128

Richard Leigh Grinalds
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Lorna S. McClusky
MASSEY & MCCLUSKY
3074 East Street
Memphis, TN 38128

Honorable James Todd
US DISTRICT COURT